OPINION
Defendant Milton Dave appeals a judgment of the Court of Common Pleas of Stark County, Ohio, finding he is a sexual predator pursuant to R.C. 2950.09. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR UNDER THE STATUTE AND IN INCLUDING A NON-COMPLAINT REBUTTAL WITNESS UNDER THE MULTIPLE VICTIM FACTOR OF OHIO REVISED CODE SECTION 2950.09(B)(2)(D).
 II. OHIO REVISED CODE SECTION 2950 IS VIOLATIVE OF THE DOUBLE JEOPARDY AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION AS WELL AS THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION.
Appellant was convicted for sexual battery and gross sexual imposition on October 30, 1996. On March 9, 1998, this court reversed appellant's conviction and remanded the matter for retrial in State v. Dave (March 9, 1998), Stark Appellate No. 96-CA-0391, unreported. On July 1, 1998, Appellant changed his plea from not guilty to guilty and was sentenced accordingly. The trial court held the original sexual classification hearing June 16, 1997, and filed its judgment on June 18, 1997, determining appellant was to be classified as a sexual predator. Subsequent to our reversal and appellant's negotiated plea agreement, the court held another sexual classification hearing, took evidence and heard arguments.
Based upon the resubmission of the evidence which was originally admitted on June 16, 1997, and based upon the arguments at both sexual classification hearings, the court found by clear and convincing evidence appellant meets the criteria of the sexual predator classification and classified him as such. The trial court's entry making these findings was filed July 10, 1998.
Appellant's notice of appeal was filed on June 26, 1997, and indicates the appeal is taken from the decision of June 18, 1997. Thus, the appeal is taken from the judgment which this court later reversed. Our review of the docket does not disclose that appellant ever filed a new notice of appeal from the new finding that he is a sexual predator made after he entered his guilty plea.
We find because appellant's notice of appeal is taken from the judgment we reversed, the assignment of error is sustained. However, our decision affects only the first finding, and not the second. If appellant wishes to challenge the trial court's second finding that he is a sexual predator, he must file an appeal from the trial court's judgment of July 10, 1998. Because of the time elapsed, this appeal would be a delayed appeal.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated.
By: Gwin, J., Hoffman, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated. Costs to appellee.